**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

TOBY EDWARD HOY, individually and on behalf of all others similarly situated,

    *Plaintiff*,

vs.

ANDREWS WHARTON, INC. D/B/A HEALTH ACCESS,

    *Defendant*.

_____

**Case No. 2:23-cv-0122-GRB-JMW**

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## FIRST AMENDED CLASS ACTION COMPLAINT

1.    Plaintiff, Toby Edward Hoy ("Plaintiff"), brings this action against defendant Andrews Wharton, Inc. d/b/a Health Access ("Defendant") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

## NATURE OF THE ACTION

2.    Plaintiff's claims arise from violations of 47 U.S.C. § 227, *et seq*.

3.    The TCPA was enacted to protect individuals from unsolicited and unwanted telemarketing calls like those alleged in this case.

4.    Upon information and belief, Defendant operates under several assumed names, including "HEALTH ACCESS" (New York Assumed Name ID 297823).

5.    Upon information and belief, Defendant, through Health Access, provides a service whereby it "helps Medicare beneficiaries find the right Medicare Advantage Plan"[1] and calls consumers, such as Plaintiff, in attempts to market its service.

_____

[1] https://www.healthy-access.com/about-healthy-access (last accessed March 7, 2023).

6.      Defendant made several unsolicited telemarketing calls to Plaintiff's cellular telephone without Plaintiff's prior express consent even though Plaintiff's cellular phone number has been registered on the National Do Not Call Registry since January 22, 2021, and Plaintiff continually asked Defendant to stop calling him.

7.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, an intrusion upon his seclusion, annoyance and the disruption of the daily life of thousands of individuals nationwide. Plaintiff also seek statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

8.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

9.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant's state of incorporation is New York (and it is headquartered within this District), and Defendant provides and markets its services within this District thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, on information and belief, Defendant has sent the same calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in sending such calls have occurred within this judicial district, subjecting Defendant to jurisdiction in the judicial district.

## PARTIES

10.     Plaintiff is a natural person who is 54 years of age as of the date of this First Amended Complaint's filing and who, at all times relevant to this action, was a resident of Dallas Center, Iowa.

11.     Defendant is a New York corporation whose principal office is located at Suffolk County, New York.

12.     Defendant's registered agent of service in New York is located at 700 Veterans Hwy., Suite 115, Hauppauge, New York 11788.

13.     Defendant, a citizen of New York, called Plaintiff, a citizen of Iowa.  As such, Defendant directs, markets, and provides its business activities throughout the State of New York, including this judicial district, and throughout the United States.

14.     Unless otherwise indicated, the use of Defendant's name in this First Amended Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

15.     Since 2020, Plaintiff has been assigned his cellular phone number ending in 0280 ("Cell").

16.     For the past three years, Plaintiff has maintained this Cell with U.S. Cellular.

17.     On or about January 22, 2021, Plaintiff added the Cell to the National Do Not Call Registry.

18.     Before Defendant initiated the calls alleged in this complaint, Plaintiff had no prior business or personal relationship with Defendant.

19.     Beginning in February 2021, however, Plaintiff began receiving calls wherein the caller would request to speak to a man named Robert about Medicaid and/or Medicare services.

20.     During these calls, Plaintiff would indicate that his name was not Robert and that he did not know who Robert was.

21.     Thereafter, the caller would hang up on Plaintiff.

22.     During certain other unsolicited calls, the caller would also hang up on him when Plaintiff simply tried to find out further information about the caller.

23.     For instance, on or about February 6, 2021, Plaintiff: (i) received a call seeking to sell him Medicaid services; (ii) the caller asked to speak to Robert; (iii) Plaintiff informed the caller that he was not Robert and that he did not know who Robert was; and (iv) the call was disconnected.

24.     On February 22, 2021, Plaintiff received another call from a telemarketer seeking to sell him Medicaid services and called Plaintiff, asking to speak to Robert.  When Plaintiff pointed out that he was not Robert, the caller hung up on him.

25.     In addition, on or about March 16, 2021, Plaintiff: (i) received a call seeking to sell him Medicaid services; (ii) the caller asked to speak to Robert; (iii) Plaintiff informed the caller that he was not Robert; and (v) the caller hung up.

26.     In addition, on or about March 17, 2021, Plaintiff: (i) received a call seeking to sell him Medicaid services; (ii) the caller asked to speak to Robert; (iii) Plaintiff informed the caller that he was not Robert; and (v) the caller hung up.

27.     On March 21, 2021, Plaintiff received another call from a telemarketer seeking to sell him Medicaid services.  When Plaintiff tried to find out the identify of the company, the caller hung up on him.

28.     At this point, Plaintiff was frustrated and annoyed by these incessant telemarketing calls.

29.     As such, on March 30, 2021, Plaintiff had no choice but to feign interest to the telemarketer to learn the identity of the company.

30.     Thus, on the March 30th call, Plaintiff did not correct Defendant's agent when he was asked whether his name was Robert Frueh.

31.     Immediately thereafter, Defendant's agent finally revealed the identity of the company stating: "my name is James. I'm from Healthy Access on a recorded line…"

32.     Later in the call, Plaintiff corrected Defendant's agent and clarified that his name was Toby Hoy.

33.     Plaintiff also confirmed his actual address.

34.     Undeterred and determined to make a sale, Defendant's agent then connected Plaintiff with another agent of Defendant and indicated:

> Caller: Hi. I got Toby, the last name Hoy, and he is from Iowa….His zip code is 50063. Can you take the call?

35.     Thereafter, the call was disconnected.

36.     Upon information and belief, Defendant's agents continued to contact Plaintiff because they failed to make a sale.

37.     Specifically, on or about April 5, 2021, Defendant, using the phone number (618) 226-8017, called Plaintiff's cellular phone number ending in 0280 on two (2) separate occasions,

38.     On the second occasion, Plaintiff answered Defendant's call and told Defendant's agent that he was not interested in Defendant's service.

39.     The calls did not end there. On or about April 6, 2021, Defendant, using the phone number (618) 226-8017, called Plaintiff's cellular phone number ending in 0280 on at least two (2) additional occasions, at about 8:55 a.m. and 11:56 a.m. CST, respectively.

40.     On the first occasion, Plaintiff rejected Defendant's call. However, on the second and third occasions, Plaintiff answered Defendant's call and told Defendant's agent that he was not interested in Defendant's service.

41.     On or about April 7, 2021, Defendant, using the phone number (618) 226-8017, called Plaintiff's cellular phone number ending in 0280 on two (2) more occasions, at about 8:42 a.m. and 2:43 p.m. CST.

42.     On the first occasion, Plaintiff rejected Defendant's call. However, on the second occasion, Plaintiff answered Defendant's call and told Defendant's agent that he was not interested in Defendant's service.

43.     On or about April 8, 2021, Defendant, using the phone number (618) 226-8017, called Plaintiff's cellular phone number ending in 0280 at least three (3) more times, at about 8:50 a.m., 12:53 p.m., 3:54 p.m. CST, respectively. On one of the calls that day, Plaintiff told Defendant's agent that he would like Defendant to stop calling him.

44.     Despite telling Defendant not to call him anymore, Plaintiff received additional phone calls from Defendant's (618) 226-8017 phone number on or about April 9, 2021, and April 14, 2021.

45.     On or about April 9, 2021, at about 9:19 a.m. CTS, Defendant called Plaintiff, and Plaintiff told Defendant's agent that he was not interested in Defendant's service.

46.     On or about April 14, 2021, Defendant called Plaintiff two (2) more times, at about 10:54 a.m. and 2:55 p.m. CST. On the first call, Plaintiff told Defendant's agent that he would like Defendant to stop calling him. On the second call, Plaintiff told Defendant's agent that he was not interested in the service Defendant was offering.

47.     Plaintiff was harmed as a direct and proximate result of the several calls Defendant made to Plaintiff's cellular phone.

## CLASS ALLEGATIONS

48.     Plaintiff brings this action pursuant to Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Class, which is defined as follows:

> All persons within the United States registered on the National Do Not Call Registry for at least 31 days, who received more than one telephone solicitation made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within the four years prior to the filing of the Complaint.

49.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the several thousands, if not more.

50.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do Not Call Registry. Plaintiff and the Class members were damaged thereby.

51.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

52.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to this Court. The Class can be identified though Defendant's records or Defendant's agents' records and the National Do No Call Registry.

53.     There is a well-defined community of interest in the question of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

    a.  Whether, within the four years prior to the filing of the Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do Not Call Registry and who had neither an established business relationship nor personal relationship with Defendant;

    b.  Whether Defendant obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

c. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

d. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

54. As a person who received numerous telephone solicitations from Defendant within a twelve-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express written invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

55. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

56. Plaintiff has retained. Counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

57. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violations of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

58.     Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST COUNT
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227, *ET SEQ.*

59.     Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

60.     The foregoing acts and omission of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including implementing regulation 47 C.F.R. § 64.1200(c).

61.     As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to of 47 U.S.C. § 227(c)(5).

62.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND COUNT
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47  U.S.C. § 227, *ET SEQ.*

63.     Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

64.     The foregoing acts and omission of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, including implementing regulation 47 C.F.R. § 64.1200(c).

65.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to of 47 U.S.C. § 227(c)(5).

66.     Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, pray for the following relief:

(a)  An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel;

(b)  A declaration that Defendant's practices described herein violate the TCPA;

(c)  A declaration that Defendant's violations of the TCPA were willful and knowing;

(d)  An award of statutory damages of $500 for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(b)(3)(B) and injunctive relief prohibiting Defendant's conduct complained of herein, pursuant to 47 U.S.C. § 227(b)(3)(A);

(e)  An award trebling the statutory damages in the amount of $1,500 for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(b)(3)(B); and injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

(f)  Costs of suit;

(g)  Reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine;

(h)  Pre-judgment and post-judgment interest on monetary relief; and

(i)  All other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.


Dated: March 7, 2023

**KAZEROUNI LAW GROUP, APC**

By: __/s/ Ross Schmierer__
    Ross Schmierer, Esq.
    48 Wall Street, Suite 1100
    New York, NY 10005
    Telephone: (800) 400-6808
    Facsimile:  (800) 520-5523
    Email: ross@kazlg.com

*Counsel for Plaintiff and the Class*